# EXHIBIT A

## SUMMONS
### (CITACION JUDICIAL)

FILED
SUM-100
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2012 OCT -4  A 9:17

SUPERIOR COURT
SAN DIEGO COUNTY. CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIDLAND CREDIT MANAGEMENT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBIN SCHMIDT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Diego

330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2012-00083109-CL-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: OCT 0 5 2012
*(Fecha)*
Clerk, by R. Willis, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **MIDLAND CREDIT MANAGEMENT, INC**

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

FILED
IVI BUSINESS OFFICE 11
CENTRAL DIVISION

2012 OCT -4  A 9: 17

...N-SUPERIOR COURT
AN DIEGO COUNTY, CA

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278512)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
   Phone: 877-206-4741
5  Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
   Attorney for Plaintiff
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              FOR THE COUNTY OF SAN DIEGO
                   LIMITED JURISDICTION
11
                              Case No. 37-2012-00083109-CL-NP-CTL
12

13                                 )   COMPLAINT FOR VIOLATION
   ROBIN SCHMIDT,                   )   OF ROSENTHAL FAIR DEBT
14                                  )   COLLECTION PRACTICES ACT AND
                                    )   FEDERAL FAIR DEBT COLLECTION
15 Plaintiff,                       )   PRACTICES ACT
                                    )
16     vs.                          )
                                    )   (Amount not to exceed $10,000)
17 MIDLAND CREDIT MANAGEMENT,       )
   INC.,                            )   1.  Violation of Rosenthal Fair Debt
18                                  )       Collection Practices Act
                                    )
19 Defendant.                       )   2.  Violation of Fair Debt Collection
                                    )       Practices Act
20 _____ )

21

22                        I. INTRODUCTION

23     1. This is an action for damages brought by an individual consumer for Defendant's

24 violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

25 (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

26 (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

27 deceptive, and unfair practices.

28

Complaint - 1

## II. PARTIES

2.     Plaintiff, Robin Schmidt ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     In November 2011, Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt bearing MCM Account No. 8532168309.

6.     In April 2012, Plaintiff informed Defendant of her recent lay off from work and requested verbally for Defendant to cease and desist from contacting her via telephone in connection with attempting to collect the alleged debt.

7.     Defendant contacted Plaintiff at (760) 859-6430 at times and places that were known to be inconvenient, including but not limited to, call multiple times per day and calling after being verbally requested to cease and desist.

8.     Defendant contacted Plaintiff at (760) 859-6430 with such a frequency as to constitute harassment under the circumstances, including but not limited to, call multiple times per day and calling after being verbally requested to cease and desist.

9.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
>
> b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
>
> c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
>
> d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)); and
>
> e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

10.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

12.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees; and
      D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages;
      C.    Costs and reasonable attorney's fees; and,
      D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 26th day of September, 2012.

By:                     

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4